———o———

## No. 4198.

### (Court of Appeal, Parish of Orleans.)

### THE MOLINE JEWELRY CO. vs. MILLET & CAIRE.

1. Where the only error alleged is that a defendant signed a written contract without reading it, believing it to contain the terms of the agreement as he understood them, the law will grant no relief.
2. But where there is a charge and proof of fraud and improper influence on the part of the other contracting party, the law will relieve the defendant who has been deceived and induced to sign such contract.

Appeal from 27th Judicial District Court, Parish of St. James.

H. Kenner, for Plaintiff and Appellant.

W. Le Bourgeois, for Defendant and Appellee.

DUFOUR, J. The plaintiffs sue defendants for $300 for merchandise alleged to have been sold and delivered under a written contract which is annexed to the petition. The defen-

338

dants resist the demand on the ground that, on the strength of the representation of plaintiff's agent, "they affixed their firm name to a document which was represented to them to be a contract of agency or consignment but which plaintiffs claim to be a contract of sale, that the contents and nature of the so-called contract was falsely and fraudulently represented to them, they not understanding the English language sufficiently to intelligently read the same, and that they signed the same in error on the misrepresentation of plaintiff's agent."

An objection made to parol evidence was perfectly overruled for the reason that fraud and error were pleaded. Comeaux, a drummer, who was traveling with Rightmire, the plaintiff's commercial agent, and who at Rightmire's request acted as interpreter, says that Rightmire explained the nature of the contract to be as follows:

"That the goods were simply sold on consignment, that every three, six, nine and twelve months he (Caire) was to send a statement of how much goods he sold and for him to retain a profit of 33.1-3 per cent."

He adds: "I explained to defendant the same thing that was represented to me by Mr. Rightmire, ...... I did thus at the request of Mr. Rightmire...... The contract was not signed in my presence, after the defendant consented to accept the goods on Rightmire's statement, I then stepped into another room." Caire's testimony is to the same effect, and additionally states that "two days after I received the articles, I received some notes to sign. Not having agreed to any sale, I immediately returned the goods. I then had the contract read to me, as I could not read it myself, and it was then that I learned it was a contract of sale and not one of consignment on commission.

Another witness states that Rightmire told him he was placing the goods on consignment. In commenting on the evidence, counsel for defendant makes the following apt remarks:

"There could be no plainer case of fraud. Caire was undoubtedly deceived, and even the interpreter was also deceived, as appears from his testimony. Caire could not read the contract,, and could not be, therefore, held to be negligent because he did not. He had the contract explained to him by an inter-

339

preter who was acting at the request of the agent of the plaintiff. He took every precaution any reasonable man would do, but in spite of that precaution, he was induced into signing a different contract from that which he understood. The agent of the plaintiff deliberately took advantage of the defendant's inability to read the contract presented and explained, and attempted to perpetuate a fraud. This is as clear a case for parol as could exist."

The claim of plaintiff that, as the defendant signed the contract without reading it, he is bound by it and cannot attack it under allegations of fraud and error, does not rest upon a universal rule of law. The rule is that, under ordinary circumstances, a party is presumed to have read the contract and must suffer for his negligence, if he failed to read it. In this case, the defendant could not read English and trusted the agent of plaintiff and of the interpreter; the transaction was consummated at a single interview, at the end of which he signed on the faith of the representation made to him.

The cases cited by plaintiff's caunsel do not sustain his contention.

In 22 A. 14, the Court said:

"The only error alleged is in signing a written contract without reading it, believing it to contain the terms of the agreement as he understood them, which, *in the absence of any charge and proof of fraud* or improper influence upon the part of the other contracting party, is not an error from which the law will relieve."

In 35 An. 850, "it was not pretended that plaintiff practiced any fraud or did anything to lead into error.

Ray vs. McLain, 100 La. 790, admits the existance of "certain exceptional cases," in which a party will be protected against an act signed without being read.

In 101 U. S. 93, the decision refers to cases "in the absence of fraud." The same distinction will be found in the cases in 39 S. R. 981, and 40 S. R. 393.

Taking into consideration all the circumstances of this case, we are led to the conclusion that defendants were not guilty of such negligence as should estop them, and that they were deceived and enticed to sign by the fraudulent misrepresentation of plaintiff's agent.

The judgment rejecting the plaintiff's demand is correct.

Judgment affirmed.

Rehearing refused May 20, 1907.

Writ refused by Supreme Court June 25, 1907.